1  GREENBERG TRAURIG, LLP
2  MARK D. KEMPLE (SBN 145219)
   ASHLEY M. FARRELL (SBN 271825)
3  1840 Century Park East, Suite 1900
4  Los Angeles, California 90067
   Telephone:  310-586-7700
5  Facsimile:  310-586-7800
6  Email:      kemplem@gtlaw.com
               farrella@gtlaw.com
7
8  Attorneys for Defendant
   Gate Gourmet, Inc.
9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12
13  ETUS DELLARIPA                          USDC CASE NO.: _____

14              Plaintiff,                  **NOTICE OF REMOVAL OF
                                            ACTION FROM STATE COURT**
15  vs.
                                            **[28 U.S.C. §§ 1331, 1332, 1441, AND
16  GATE GOURMET, INC.; and DOES 1          1443]**
    through 20, inclusive,
17                                          Action Filed:      July 31 2014
18              Defendants.                 Action Removed:  September 5, 2014

19
20

21
22
23
24
25
26
27
28

NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendant Gate Gourmet, Inc. (hereinafter "Defendant") hereby removes the above-captioned action, *Etus Dellaripa v. Gate Gourmet, Inc., et al.*, Case No. YC070005 (the "Action") from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1443. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) (emphasis added).

Defendant will provide evidence to support the allegations of this pleading as required in response to any challenge to the Court's jurisdiction.[1]

## VENUE

1. The instant Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

---

[1] If a removing party's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [then the removing party] must support them by competent proof." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936)); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'") (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995)).

1

ATL 20166391v2

1

## SERVICE ON THE STATE COURT

2.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

3.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders served upon Defendant are attached hereto as **Exhibit B**.

## TIMELINESS OF REMOVAL

4.     On July 29, 2014 Plaintiff filed the Action.  Plaintiff served Defendant with the Complaint on August 6, 2014.  This Removal is timely pursuant to 28 U.S.C. § 1446(d).

## THIS COURT HAS FEDERAL QUESTION JURISDICTION

5.     This action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed pursuant to 28 U.S.C. § 1441(a) in that it appears from the face of the Complaint that Plaintiff has filed an action involving a claim or right arising under the laws of the United States.  More specifically, the Complaint alleges that Defendant violated the Fair Labor Standards Act, ("FLSA") 29 U.S.C. Sections 201 *et seq.*, and that Defendant is allegedly liable to Plaintiff for failing to pay Plaintiff minimum wages and overtime wages (*see* **Exhibit A**, Complaint, p. 5, ¶¶ 41-44).

6.     Additionally, this Court has supplemental jurisdiction over state claims alleging violations of the Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 432, 510, 512, 558, 1194, 1198.5 and 2698, and IWC Wage Orders, Unpaid "Straight" wages, and California Business & Professions Code §§ 17200 and 17203 (*see* **Exhibit A**, Complaint, p. 4, ¶ 25–p. 12, ¶ 113).  Pursuant to 28 U.S.C. § 1367(a): "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

2

NOTICE OF REMOVAL

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." That is clearly the case here, where all of Plaintiff's claims arise out of the same alleged failure of Defendant to pay Plaintiff minimum wages and overtime wages for hours worked. *See Silverman v. Smithkline Beecham Corp.*, CV 06-7272DSFCTX, 2007 WL 3072274, at *3 (C.D. Cal. Oct. 16, 2007) (rejecting the argument that "supplemental jurisdiction should be rejected under 28 U.S.C. § 1367(c)(2) because Plaintiffs' state claims substantially predominate over the federal FLSA claim" because "[a]s to section 1367(a), everything currently before the Court indicates that the federal FLSA claim and the state law claims arise from a common nucleus of operative fact. Most, if not all, of the federal and state claims share the dispositive question of whether the GSK representatives were properly classified as exempt employees."). Therefore, this Court has Supplemental Jurisdiction over these state claims.

## ALTERNATIVELY, THIS COURT HAS DIVERSITY JURISDICTION

7. Alternatively, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . . ." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and diversity of citizenship exists between Plaintiff and Defendant.

### Diversity of Citizenship

8. The parties to this action are citizens of different states.

9. For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983). Here, Plaintiff alleges that she is domiciled in "the State of California, County of Los Angeles" and thus is a citizen of California. (*see* **Exhibit A**, Complaint, p. 2, ¶ 3). Plaintiff is a citizen of the state of California.

10.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).   To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).  A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id*.

11.     Defendant is a Delaware corporation with its principal place of business in the State of Virginia, as its North American corporate headquarters are located in Virginia and its executive and administrative functions are carried out at those headquarters.[2]  The great majority of executives and high level managers work out of its corporate headquarters in Virginia, not in California. *See Hertz*, 130 S.Ct. at 1192-93 (a corporation's principal place of business is where its "officers direct, control and coordinate the Company's activities"; corporation's principal place of business is normally the place where the corporation maintains its headquarters).  Virginia, not California, is the state that has "the actual center of direction, control, and coordination" of the company. *Id*. at 1192.  Thus, the principal place of business is not and cannot be California, because the primary focal point of Gate Gourmet's North American operations is within Virginia.

12.     Thus, because Plaintiff is a citizen of California and Defendant is a citizen of Virginia and Delaware, the Action is brought between citizens of different states under the definition of 28 U.S.C. § 1332.

---

[2]   Defendant has a corporate headquarters in Switzerland, but its North American headquarters are in Virginia.

4

NOTICE OF REMOVAL

**Amount in Controversy**

13.     Though Defendant concedes no liability on Plaintiff's claims, Plaintiff's Complaint places in controversy[3] a sum greater than $75,000 and thereby satisfies the amount in controversy requirement for diversity actions set forth in 28 U.S.C. § 1332(a). Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different states. . . ."  Though Defendants concedes no liability on Plaintiff's claims, Plaintiff places in controversy a sum greater than $75,000.

14.     On June 11, 2014, Plaintiff sent a demand by mail and e-mail to Defendant. In the demand, Plaintiff stated that she sought **$300,000** in damages.   Importantly, Plaintiff's letter details the basis of this assessment such that it is a reasonable estimate of Plaintiff's claims.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

15.     Therefore, the amount in controversy is established by Plaintiff's $300,000 demand.  Plaintiff's $300,000 statement of damages exceeds the $75,000 requirement to establishing diversity jurisdiction, excluding interest and costs.

**NO ADMISSION**

16.     Defendant does not concede in any way that the allegations in the complaint or any of the prior pleadings discussed above are accurate, nor does it concede that

---

[3] The amount in controversy includes claims for general and special damages, penalties, and attorney's fees if recoverable by statute or contract, and punitive damages. *E.g., Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 at *4-5 (N.D. Cal., 1997); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (holding that civil penalty properly included in the amount in controversy); 28 U.S.C. Section 1332(d)-(e), 1453, 1711-1715 (2005).

ATL 20166391v2

Plaintiff is entitled to any compensatory or statutory damages, penalties, punitive damages, attorney fees, or any other relief.

17.   The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

Dated: September 4, 2014          GREENBERG TRAURIG, LLP


By:    _/s/ Mark D. Kemple_____
       Mark D. Kemple

       Attorneys for Defendant
       Gate Gourmet, Inc.

6

NOTICE OF REMOVAL